**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| HORMEL FOODS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MEDINA & MEDINA, INC.<br><br>Defendant. | Civil No. 06-384 (JRT/JJG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Larry A. Hanson and James E. Blaney, **MOORE, COSTELLO & HART**, 55 East Fifth Street, Suite 1400, Saint Paul, MN 55101-1792, and Thomas L. Nuss, **HORMEL FOODS CORPORATION**, 1 Hormel Place, Austin, MN 55912, for plaintiff.

Nicholas J. O'Connell and Thomas A. Gilligan, Jr., **MURNANE BRANDT**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for defendant.

Plaintiff Hormel Foods Corporation brought this action for declaratory judgment regarding its distributorship agreement with defendant Medina & Medina, Inc., a grocery distributor with its principal place of business in Puerto Rico. Specifically, plaintiff sought a declaration that defendant was not granted an exclusive distributorship of Hormel products with retail vendors in Puerto Rico. United States Magistrate Judge Jeanne J. Graham heard oral argument on defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. In a Report and Recommendation dated July 25, 2006, the Magistrate Judge recommended that this Court deny defendant's motion to dismiss but grant the alternative motion to transfer venue. Plaintiff timely objected to that part of the Magistrate Judge's Report and

Recommendation recommending that defendant's motion to transfer venue be granted. The Court has conducted a *de novo* review of plaintiff's objection under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the following reasons, this Court adopts the Magistrate Judge's Report and Recommendation.

**BACKGROUND**

Plaintiff is a Minnesota-based manufacturer of food products. Medina & Medina, a grocery distributor based in Puerto Rico, has distributed Hormel products in Puerto Rico since 1988. Beginning in April 2001, Medina & Medina sent plaintiff several letters in which defendant expressed concerns that plaintiff had begun distributing its products through other Puerto Rican distributors. In June 2004, the president and chief executive officer of Medina met with an executive vice-president of Hormel at a trade show in Washington, D.C., complaining that Hormel's transfer of restaurant distribution to defendant's competitor was not justified.

After this meeting, defendant sent plaintiff a letter threatening litigation regarding plaintiff's dealings with defendant's competitors. The letter prompted the parties to engage in a series of negotiations about the nature of the parties' distributorship agreement. In a letter dated August 25, 2004, the defendant proposed that Medina & Medina would be the exclusive distributor of Hormel products in Puerto Rico. In subsequent communications between the parties, defendant implied that it had exclusive distributorship rights to Hormel products in Puerto Rico, and demanded that plaintiff stop dealing with competitor distributors.

In January 2006, after one of defendant's major clients asked a competitor to supply it with Hormel products, Medina & Medina sent another letter to plaintiff alleging that defendant's exclusive distributorship precluded plaintiff from distributing its products through defendant's competitors.  In response, Hormel brought an action for declaratory judgment stating that defendant was not the exclusive distributor of Hormel products in Puerto Rico.  Medina & Medina brought a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to Puerto Rico.  The Magistrate Judge recommended that this Court deny defendant's motion to dismiss but grant the alternative motion to transfer venue.  Hormel objects to that part of the Report and Recommendation recommending transfer of venue.

## ANALYSIS

**I.    MOTION TO TRANSFER VENUE**

The Magistrate Judge concluded that evidence about the distributorship and the parties' course of performance in Puerto Rico supported defendant's motion to transfer venue.  Under 28 U.S.C. § 1404(a), the Court examines three factors when deciding a motion to transfer:  (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  In considering these factors, the Court looks to the particular circumstances of the case before it.  *Id.*  The moving party must show that the balance of factors "strongly favors" transfer.  *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996).  Ultimately, the decision to transfer a case is committed to the discretion of the district court.  *Terra, Int'l, Inc.*, 119 F.3d at 691.

      **A.**      **Convenience of the Parties and Witnesses**

The Court generally accords significant weight to the plaintiff's choice of forum, *DB Indus. v. B & O Mfg., Inc.*, 2004 WL 1765337, at *5 (D. Minn. Aug. 4, 2004), and transfer should be denied where the effect is simply to shift the inconvenience to the other party. *Hughes v. Wheeler*, 364 F.3d 920, 925 (8th Cir. 2004). However, transfer may be favored when the operative facts of the case occurred in the proposed forum. *See Nelson v. Soo Line Rwy. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). In addition, the convenience of the witnesses is an important factor because it determines the ease of access to sources of proof. *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

This Court agrees that many of the relevant details of the dispute occurred in the context of communications between the parties. Although evidence of communications between the parties may alone shed light on the disputed agreement, other evidence, including the parties' course of performance in carrying out the contract, may also be necessary to explain or interpret the agreement. As such, many of the operative facts underlying this dispute will likely be located in Puerto Rico. Indeed, defendant has already indicated that it intends to introduce testimony of non-party witnesses in Puerto Rico to resolve this dispute. Defendant has further described the importance and relevance of these potential witnesses to establishing the parties' rights and obligations under Puerto Rico law and the terms of the disputed agreement. Because resolution of this dispute requires scrutiny of the parties' dealings with defendant's competitors in Puerto Rico, the Magistrate Judge concluded that Puerto Rico provides substantially

greater access to evidence and witnesses necessary to resolve this dispute. Given the potential importance of evidence and witnesses in Puerto Rico, the Court agrees that the convenience of the parties and potential witnesses favors transfer of venue.

### B. Interest of Justice

In weighing the interest of justice, the Court considers several factors including the relative familiarity of the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. *Graff*, 33 F. Supp. 2d at 1122. As to the parties' ability to bear expenses, plaintiff is a major multinational corporation whose relative ability to withstand any financial burden caused by transfer of venue exceeds that of Medina & Medina, a family-owned business operating in Puerto Rico.

While plaintiff's declaratory judgment action involves general principles of contract law, Hormel also seeks a declaration that its conduct is not in violation of Puerto Rico Public Law 75, which provides specific protections to local dealers of goods located in Puerto Rico. *See* 10 L.P.R.A. § 278(a). To the extent that the disputed agreement involves the application of laws unique to Puerto Rico, the Court agrees that a Puerto Rico forum is better positioned to determine the rights and obligations of the parties under the agreement. *Cf. Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984) (finding transfer of venue proper where significant issues of local law underlie the claims of the parties). Despite the weight given to plaintiff's choice of forum in Minnesota, the Court concludes that the interests of justice ultimately favor transfer of venue to Puerto Rico.

In light of the particular circumstances of this case, the Court agrees with the Magistrate Judge's recommendation that Medina & Medina's motion to transfer venue should be granted.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff Hormel Food Corporation's objection [Docket No. 26] and **ADOPTS** the Magistrate Judge's July 25, 2006 Report and Recommendation [Docket No. 24] as set forth above.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue [Docket No. 2] is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** with respect to defendant's motion to transfer venue and **DENIED** with respect to defendant's motion to dismiss.

2. The Clerk of Court is **DIRECTED TO TRANSFER** this case to the United States District Court for the District of Puerto Rico.


DATED:   September 25, 2006                              s/ John R. Tunheim         _
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                              United States District Judge